IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03146-WYD-KLM

TIMOTHY VAN GORDEN, and
KARIN VAN GORDEN,

      Plaintiffs,

v.

THE CITY AND COUNTY OF DENVER, and
JEANNE FAATZ,

      Defendants.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the parties' **Stipulated Motion to Temporarily Stay Proceedings** [Docket No. 5; Filed January 20, 2012] (the "Motion"). The parties seek an Order of the Court staying all proceedings in this matter through and including May 31, 2012. The parties state:

> Plaintiffs wish to submit and process an application to Community Planning and Development Department of the City and County of Denver . . . for an Official Map Amendment pursuant to § 12.4.10 of the Denver Zoning Code requesting rezoning of the property involved in this lawsuit, and to stay all proceedings in this matter while they do so in order to save the Court and parties time and expense . . . . The parties estimate that the process of considering the rezoning application, which includes written submissions, referrals, public notices, and public hearings, will take approximately three months.

*Motion* [#5] at 1.

This Court has long noted that the Federal Rules of Civil Procedure do not explicitly

provide for a stay of *proceedings* in a lawsuit. *String Cheese Incident, LLC v. Stylus Shows, Inc.,* No. 02-cv-01934-LTB-PAC, 2006 WL 894955 (D. Colo. Mar. 30, 2006).  However, pursuant to D.C.COLO.LCivR 41.2, a judicial officer "may direct the clerk to close a civil action administratively subject to reopening for good cause."  Here, the parties request a complete stay of proceedings pending resolution of a rezoning application which they expect Plaintiffs to file within the next thirty days and which will not be resolved for at least another three months thereafter.  These circumstances are eminently suitable for administrative closure as opposed to a stay.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#5] is **DENIED**.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for April 3, 2012 at 10:30 a.m. is **VACATED**.

Further, the Court **RECOMMENDS** that this case be administratively closed pursuant to D.C.COLO.LCivR 41.2.  If the District Judge adopts this Recommendation, the parties may file a motion to reopen the case, stating good cause as to why the case should be reopened, after resolution of Plaintiffs' rezoning application.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v.*

*Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.   *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: January 25, 2012 at Denver, Colorado.

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge